UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DREAM FIRST BANK NATIONAL
ASSOCIATION,

        Plaintiff,

        v.

JPMORGAN CHASE BANK, N.A.,

        Defendant.

Case No. 25-1085-EFM-ADM

## MEMORANDUM AND ORDER

On April 9, 2025, Plaintiff Dream First Bank National Association ("DFB") brought this action against Defendant JPMorgan Chase Bank, N.A. ("Chase") in the District Court of Hamilton County, Kansas. (ECF 1-1.) DFB's complaint alleges that Chase presented a check for $211,198.98 to DFB for payment and warranted that the check had not been altered and that Chase was entitled to enforce the check, so DFB made payment. DFB further alleges that the check at issue had been altered to be payable to the order of Jim Bishop Cabinets Inc., whereas the original check was made payable to SRS Building Products. The original complaint asserts a single count for breach of a presentment warranty pursuant to KAN. STAT. ANN. § 84-3-417. On May 1, Chase removed the action to this court. (ECF 1.)

The case is now before the court on DFB's motion for leave to amend its complaint, which seeks to add three more counts to the complaint: (Count 2) money had and received and unjust enrichment; (Count 3) negligence; and (Count 4) breach of UCC § 3-418. (ECF 19.) Chase opposes the motion, arguing that the proposed amendments are futile and that DFB has not alleged

facts sufficient to state a viable claim against it.[1] For the reasons explained below, the court exercises its discretion and grants leave to amend.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." The purpose of the rule is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). The Supreme Court has said that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. at 182). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the court should not permit the amendment. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (ruling that in the absence of such a showing, amendment should be allowed). Ultimately, whether to grant leave to amend lies within the court's discretion. *Warnick*, 895 F.3d at 755.

As noted, Chase opposes amendment only on futility grounds. "A proposed amendment is futile if the amended complaint would be subject to dismissal." *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013). Chase argues that none of the proposed

---

[1] DFB filed its motion to amend on August 14, 2025, which is the scheduling-order deadline for amending pleadings, so DFB's motion is timely.

new claims would survive a motion to dismiss. Chase contends that the money had and received/unjust enrichment claim fails on its face because "Chase received no money from the underlying transaction; only its account-holding customer received any money" and "Chase was nothing more than a conduit," so Chase received no benefit from the transaction. (ECF 22, at 1, 3-6.) Chase contends that DFB's unjust enrichment is preempted because DFB has adequate legal remedies (via its UCC claim in Count 1). (*Id*. at 1, 6.) Chase next argues that DFB's negligence claim fails because Chase owes no duty to DFB, DFB did not adequately plead that Chase violated any UCC-prescribed or common law duty, Chase's alleged breach did not cause DFB's damages, and any loss suffered by DFB was its "self-determined choice to recredit its customer account." (*Id*. at 6-11.) Chase also contends that DFB's "common law negligence claims are precluded by the UCC" and thus subject to dismissal. (*Id*. at 8-9.) As for DFB's proposed new claim for breach of UCC § 3-418, Chase argues that this UCC provision does not apply to the facts of this case because Chase was "neither drawer, nor drawee, nor the party for whose benefit payment was made." (ECF 22, at 1-2, 11-15.) Moreover, Chase contends that it is not liable because the liability carveout in §3-418(c) applies here. (*Id*. at 12.) For all of these reasons, Chase insists that DFB's proposed amendments would be futile "because none of the newly asserted claims have any hope of being legally viable and surviving a motion to dismiss." (*Id*. at 15.)

After considering each futility argument and applying the liberal Rule 15 standards for amendment, the court concludes that amendment is warranted at this early stage in the proceedings. Chase's argument that the proposed amendments are futile is an issue that can be raised before the district judge on a motion to dismiss. It is not the undersigned magistrate judge's prerogative to try to predict how the district judge will decide that issue. *See Poulos v. Brickley Enters., LLC*, No. 19-2629-JAR-JPO, 2020 WL 1812269, at *3 (D. Kan. Apr. 8, 2020) ("Plaintiff's proposed

amendments are not clearly frivolous on their face, and district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case."). In addition, after reviewing the parties' motion briefing, the court does not find DFB's proposed new claims to be clearly futile. To be clear, the undersigned is not deciding whether the amended claims ultimately would survive a subsequent challenge. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the court simply finds that Chase has not met the "high bar" of establishing that the amendments are clearly futile. *See Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")). This ruling does not preclude Chase from renewing arguments via a motion to dismiss filed in response to the amended complaint.

**IT IS THEREFORE ORDERED** that DFB's Motion for Leave to File First Amended Complaint (ECF 19) is granted. DFB must file its first amended complaint as a separate docket entry within **five calendar days** from the date of this order.

Dated September 29, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
